Orly Taitz, Esq
Attorney & Counselor at Law
26302 La Paz, Suite 211
Mission Viejo Ca 92691
ph. 949-683-5411
fax 949-586-2082
California Bar ID No. 223433
(Application for Admission Pro Hac Vice filed)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMUS DIVISION
120 12th Street   P.O. Box 124   Columbus, Georgia 31902

| | | |
|---|---|---|
| CAPTAIN CONNIE RHODES, M.D. F.S., § | | |
| Plaintiff, § | | Civil Action No:_____ |
| § | | |
| v. § | | |
| § | | |
| COLONEL THOMAS D. MACDONALD, § | | |
| GARRISON COMMANDER, FORT § | | |
| BENNING, GEORGIA, § | | Rule 65 |
| GEORGE STEUBER, DEPUTY § | | Application for Temporary |
| COMMANDER, FORT BENNING, § | | Restraining Order and |
| DR. ROBERT M. GATES, UNITED § | | Preliminary Injunction |
| STATES SECRETARY OF DEFENSE, § | | |
| BARACK HUSSEIN OBAMA, ***de facto*** § | | |
| PRESIDENT of the UNITED STATES, § | | |
| Defendants. § | | |

# APPLICATION FOR TEMPORARY RETRAINING ORDER AND PRELIMINARY INJUNCTION TO SUSPEND PLAINTIFF'S DEPLOYMENT, AND ALL FOREIGN DEPLOYMENTS OF OFFICERS PENDING DETERMINATION OF CONSTITUIONALITY OF TITLE 10 U.S.C. §938 and Army Regulation 27-10

1. Comes now the Plaintiff Captain Connie Rhodes, M.D. F.S., with this Comp

Application for a Temporary Restraining Order and Preliminary Injunction.

2. Plaintiff Rhodes' seeks an immediate temporary restraining order and

preliminary injunction to suspend her deployment and that of all foreign

deployments of commissioned officers pending entry of a permanent injunction

and final declaratory judgment.

3.  Plaintiff further that this court restrain the Army from enforcing its orders against her until this Court has rendered a final determination that Title 10 U.S.C. §938 (Article 138 UCMJ), both on its face and as implemented by Army Regulation 27-10, are unconstitutional.

4.  10 U.S.C. §938 states as follows, in full:

> § 938.  Art. 138. Complaints of wrongs
> Any member of the armed forces who believes himself wronged by his commanding officer, and who, upon due application to that commanding officer, is refused redress, may complain to any superior commissioned officer, who shall forward the complaint to the officer exercising general court-martial jurisdiction over the officer against whom it is made. The officer exercising general court-martial jurisdiction shall examine into the complaint and take proper measures for redressing the wrong complained of; and he shall, as soon as possible, send to the Secretary concerned a true statement of that complaint, with the proceedings had thereon.

5.  Plaintiff alleges that this statute is unconstitutional on its face because it is void for vagueness and constitutes an impermissible delegation of plenary federal judicial authority to executive branch (administrative) courts over matters of life, liberty, and even constitutional interpretation.

6.  Nothing in the constitution allows military courts to engage in constitutional interpretation, and previous courts have held that review in federal court is available without exhaustion of remedies under 10 USCS § 938 where serviceman, who has received transfer (e.g. deployment) orders, claims violation of constitutional rights if transfer is effected, insufficient time is available to seek such remedies as are afforded by army regulations, and likelihood of stay of transfer is unclear under army regulations, so that army authorities maybe enjoined from transferring serviceman. ***Cushing v. Tetter,*** 478 F. Supp.

960 (D.R.I. 1979), see also, regarding waiver of administrative procedures when time constraints of less than one week may exist, ***United States v Wise***, 64 MJ 468, 2007 CAAF LEXIS 538 (CAAF 2007).

7. Nothing in §938 or the army regulations (27_10) implementing it define or suggest rules of decision or criteria or even the standards of pleading, discovery of facts, production, and proof of the lawful status of orders, the constitutional establishment of a chain-of-command, or determining the liability of an officer who innocently or blindly follows UNLAWFUL orders or obeys an unconstitutional chain of command, or of an officer who fails properly to identify and defend his country against its true enemies, foreign or domestic.

8. In short, Title 10 U.S.C. §938 and Army Regulation 27_10 are deficient in that they do not address that which should be most important: namely the enforcement and compliance of officers with their oath.

9. Most importantly, this statute and regulation are unconstitutional as applied because they do NOT even tangentially address the question of army determination of the "lawful" status of orders or the identity of national enemies, foreign or domestic.

10. In short, Plaintiff has no adequate remedy at law: if she is forced to comply with illegal orders, rendered by an unconstitutional chain of command, in violation of her oath and conscience, the damage will be done and irreparable by any legal remedy including damages.

11. Plaintiff Captain Connie Rhodes and all other officers similarly situated have no adequate remedy at law because neither the aforementioned statute Title 10 U.S.C. §938 nor the army regulation implementing it AR 27_10) provide any

procedural means temporarily to stay the execution of orders pending determination of legality as required by the officer's oath. Plaintiff and all other officers similarly situated have suffered and will continue to suffer irreparable injury from the absence of any certain way of challenging or verifying the lawful status of orders or constitutional status of the chain of command nor the identity of all enemies foreign and domestic within the present statutory and regulatory regime.

12. This Court has Jurisdiction pursuant to 28 U.S.C. §§1331 (Federal Question), §1343 (Civil Rights), and §1346 (United States Defendant). Venue is proper due to the need to restrain and enjoin Plaintiff's deployment from Fort Benning.

13. Plaintiff Captain Connie Rhodes, M.D., F.S., as an individual Plaintiff, now suffers will suffer further irreparable injury due to forced and involuntary compliance with unlawful and/or unconstitutionally rendered orders, against her conscientious objection and loyalty oath as an officer, if she should be compelled to comply with illegal orders to deploy abroad entered without any adequate legal means of temporarily suspending the operation of these orders pending a final determination of their legality.

14. Gone are the days, if they ever existed in these United States, when Army Officers are entitled to obey all orders, regardless of their apparent legality, constitutionality, or service to the nation.

15. United States public policy favors an army whose corps of commissioned officers obeys their oaths to uphold the constitution and defend the nation against all enemies foreign and domestic, who have the foresight to "look before

they leap", who know that "haste makes waste", and that any and every substantial doubt concerning the legality or constitutionality of orders to engage in potentially fatal and destructive military conflict abroad should always be resolved in favor of caution and reticence to refuse to follow those orders.

16. Public policy since Andersonville during the War Between the States, the Massacre at Wounded Knee, My Lai in Vietnam, and most recently Guantanamo and Abu Ghraib, as well international law since Nurnberg, Bosnia-Serbia-Kosovo, Darfur, Burundi, and Somalia, all favor the notion that responsible military officers MUST and SHOULD at all times question the legality and propriety of orders which come from doubtful or questionable sources, or under circumstances which give rise to an appearance of impropriety or illegitimacy.

17. This Plaintiff Captain Connie Rhodes, M.D., F.S., at the time of her original induction into service, took the United States, military oath of an enlisted soldier, which reads:

> "I, Captain Connie Rhodes, M.D., F.S., do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; and that I will obey the orders of the President of the United States and the orders of the officers appointed over me, according to the regulations and the Uniform Code of Military Justice. So help me God."

18. **Later, however, she took the superceding and superior oath of an officer of the United States Armed Forces, as follows:**

> **"I, Captain Connie Rhodes, M.D. F.S., having been appointed an officer in the Army of the United States, as indicated above in the grade of Captain do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign or domestic, that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental**

**reservations or purpose of evasion; and that I will well and faithfully discharge the duties of the office upon which I am about to enter; So help me God." (DA Form 71, 1 August 1959, for officers.)**

19. **The oath of a military officer is based on 5 U.S.C. §3331:**

    **An individual, except the President, elected or appointed to an office of honor or profit in the civil service or uniformed services, shall take the following oath: "I, AB, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God." This section does not affect other oaths required by law.**

See also: http://www.history.army.mil/faq/oaths.htm

20. Plaintiff Captain Connie Rhodes, M.D., F.S., has never sworn to obey the orders of THIS President, the current *de facto* President of the United States.

21. But in historical and current legal fact, no commissioned officer ever swears (as such) to obey the orders of any President.

22. Rather, Plaintiff Captain Connie Rhodes assumed and undertook, and still assumes and undertakes the obligation to defend the Constitution against all enemies, foreign and domestic.

23. Plaintiff Captain Connie Rhodes, M.D., F.S., submits that she has severe mental reservations about obeying the commands of the current *de facto* President and that she cannot in fact in good conscience do so.

24. Further Plaintiff Captain Connie Rhodes, M.D., F.S., asks this Court to declare and adjudge that both Title 10 U.S.C. §938 and the Army Regulations implementing the same offer (AR 27_10) provide no remedy whatsoever and in

fact place an officer in the utterly untenable position of having to act obediently against his or her conscience or else to risk Court Martial by disobedience.

25. The law as currently enacted and implemented offers no simple, direct, or reliable administrative (or any other means internal to the army) by which an officer can verify the legality either of any particular order or of the legitimacy of the officers who purport to render legitimate commands.

26. Plaintiff Captain Connie Rhodes, M.D., F.S, submits and charges that the current *de facto* President never provided any evidence of his eligibility and Connie Rhodes, M.D., F.S., submits that she cannot lawfully act under his authority, but that she is being forced to do so without ANY opportunity or remedial avenue whatsoever.

27. It is meet and right and our bounden duty: it is lawful, right and proper and in fact mandated by **her oath** that an officer, pursuant to **her oath** to defend against all enemies, foreign and domestic, should have a right and effective administrative or judicial means to challenge (within the reality of military time and frameworks), and a reasonably speedy and expedient route of appeal any denial of a challenge the chain of command originating from a suspected Presidential Usurper (and consequently illegitimate Secretary of Defense and an illegal Department of Defense hierarchy).

28. Plaintiff Captain Connie Rhodes, M.D., F.S., demands that this court afford her such an opportunity to obey the clear dicatates of her moral conscience in compliance with her oath as an officer.

29. Furthermore, Plaintiff moves and requests this Court to declare and adjudge in her favor that such obedience is required of her and all other officers

by their Oath, by the Constitution, and by the public policy of and concerning the United States Government, including but not limited to the army.

30. Plaintiff submits that the reservations under which she would be forced to act if she were forced and required against her will to obey the orders for her to serve this President, this Secretary and Department of Defense, would not only hinder and impair her ability to act effectively;

31. Plaintiff contends, that in reality, to force her to serve under this illegitimate commander-in-chief, this Secretary and Department of Defense appointed by an imposter or ineligible, fraudulently elected, illegitimate usurper would constitute involuntary servitude or judicially sanctioned rape of her individual autonomy.

32. Plaintiff submits that the reservations under which she would be forced to act if she were forced and required against her will to obey the orders for her to serve this President are neither conjectural nor speculative nor merely based on opinion or doubt.

33. Rather the vast preponderance of the credible evidence, all of the clear and convincing evidence, and some facts indicate beyond reasonable doubt that the President is an alien, possibly even an unnaturalized or even an unadmitted illegal alien (admitted just a few days ago, by United States Representative Diane Watson of California's 33rd Congressional District to have been born in Kenya), without so much as lawful residency in the United States. Some of the relevant evidence is shown in Exhibit A (Affidavit of Neal Sankey with attachments) and Exhibit B (August 1, 2009 released copy of Kenya Birth Certificate).

34. This Plaintiff cannot lawfully obey orders from this Commander-in-Chief; this Plaintiff cannot in good conscience obey orders originating from a chain of

command from this merely *de facto* President; this Plaintiff cannot be lawfully compelled to obey this *de facto* President's orders.

35. Plaintiff Captain Connie Rhodes, M.D., F.S., asks this Court to declare and adjudge that if it were shown by clear-and-convincing evidence that a person took the office under false pretenses of constitutional qualifications), such person is a domestic enemy, and constitutes a clear and present danger as an enemy to the constitution and laws of the United States of America.

36. The Founding Fathers had the foresight to protect and secure against a situation such as that now facing the United States.

37. Plaintiff Captain Connie Rhodes, M.D., F.S., asks this Court further to declare and adjudge that the officer's oath is and should always be, under the Constitution, construed as a safeguard to protect the Constitution against a corrupt elected government.

38. Plaintiff Captain Connie Rhodes, M.D., F.S., asks this Court to declare and adjudge that Officers have an obligation to defend the Constitution.

> The officer oath does not even mention following the UCMJ laws as does the enlisted oath.  Further, a card entitled "Army Values" issued by the United States Army (Exhibit D), commands all soldiers in part as follows: "Bear truth faith and allegiance to the United States Constitution, the Army, your unit, and other soldiers."
> "Put the welfare of the Nation, the army, and your subordinates before your own."
> "Do what's right, legally and morally."
> "Face fear, danger, or adversity (physical or moral)."

39. Title 10, Subtitle A, Part II of the United States Code contains the Uniform Code of Military Justice (UCMJ).  10 U.S.C. §890 (ART.90), makes it an offence subject to court-martial if any military personnel "willfully disobeys a **lawful**

command of his [her] superior commissioned officer," 10 U.S.C. §891 (ART.91) "**lawful** order of a warrant officer", and most importantly, 10 U.S.C. §892 (ART.92) provides court-martial for any officer who

> (1) violates or fails to obey any **lawful** general order or regulation;
> (2) having knowledge of any other **lawful** order issued by a member of the armed forces, which it is his duty to obey, fails to obey the order; or
> (3) is derelict in the performance of his duties;

40. In each case, Plaintiff submits that it is implicit though not expressly stated that an officer is and should be subject to court-martial, because s**he will be derelict in the performance of *her* duties, if she does not inquire as to the lawfulness, the legality, the legitimacy of the orders which she has received, whether those orders are specific or general.**

41. Unfortunately the Uniform Code of Military Justice as currently drafted and implemented does not provide a means WHATSOEVER for ascertaining the legality of orders, and accordingly, this Plaintiff is left with no choice but recourse to the ordinary civil courts of the United States to seek a determination of what she considers to be a question of paramount constitutional and legal importance: the validity of the chain of command under a President whose election, eligibility, and constitutional status appear open to serious question.

42. Accordingly, Plaintiff Captain Connie Rhodes, M.D., F.S., comes to this Court because she cannot afford to breach and must preserve the status quo, and that this Court should enable her to comply with an obey her officer's oath of fealty to the Constitution of the United States of America and obligation to defend this Country against all enemies, foreign and domestic, or to prevent irreparable injury to her career, and that this Court must immediately intervene and afford

her the Temporary Relief to which she is entitled under the First, Fifth, and Ninth Amendments to the Constitution of the United States.

43. **The specific relief sought from this Court is**

44. **FIRST, an order suspending her deployment to Iraq (now scheduled for September 5, 2009, from Fort Benning within the jurisdiction of this Court for the Middle District of Georgia, see Exhibit A),**

45. **SECOND an order temporarily enjoining the enforcement of 10 U.S.C. §§937-938 according to the provisions of the implementing army regulation 27-10, and for injunctive protection from the Secretary and Department of Defense, Defense Security Services Agency, and the President from engaging in retaliatory conduct for Plaintiff's challenge to the President's constitutional authority as Commander-in-Chief, and**

46. **THIRD for a mandatory injunction or other equitable order (e.g. Mandamus) that the United States Army amend its procedures for challenging the constitutionality and general lawful status of orders to afford full due process protection consistent with every commissioned officer's obligation to uphold *her* oath.**

47. **Plaintiff further and additionally seeks a Prohibitory (Negative) Temporary Restraining Order and/or Preliminary Injunction forbidding the Department of Defense from taking any retaliatory or "blacklisting" operations against Plaintiff Captain Connie Rhodes, M.D. F.S.**

48. Plaintiff Captain Connie Rhodes, M.D. F.S. submits and contends that she has and will continue to have an absolute and unassailable obligation to question the legality of her deployment orders until such time as this Court renders a final judgment in her favor.

49. Plaintiff Captain Connie Rhodes, M.D., F.S., further and additionally asks that this Court grant her protection from military prosecution or retaliation and specifically to grant her CONSCIENTIOUS OBJECTOR STATUS:

50. And, for this reason, even if for this reason alone, because she obeyed the dictates of her well-studied and much beloved Officer's Oath and moral conscience, this Court should protect Plaintiff Connie Rhodes from any form of Department of Defense or other governmental retaliation.

51. **Balance of the Equities: Plaintiff will suffer irreparable, in fact incalculable, injury** if this preliminary injunction is not granted, but the cost of compliance with the TRO and Preliminary Injunction to the Department of Defense is minimal (and might actually save expenditure of government funds and conserve resources), while the cost to Plaintiff Captain Connie Rhodes, M.D. F.S. of Defamation and interference is immense, so that the balance of equities favors the granting of this TRO and preliminary injunction without bond.

52. **Finally, because of the outrageous and illegal nature of the repressive and retaliatory conduct of the Department of Defense, already demonstrated in other related or similar cases, Public Policy favors the entry of this Temporary Restraining order and, upon hearing a Preliminary Injunction during the pendency of this action.**

## CONCLUSION

Plaintiff Captain Connie Rhodes' present Rule 65 Application for TRO and Preliminary Injunction presents **legal arguments and requested relief, all revolving around an officer's duty to uphold the Constitution, his duty to question the lawful nature and status of orders according to his oath as an officer--and the role of the armed forces as a critical element of the balance of power in a constitutional government.**

In the post-Nuremberg era, the era of International Law and the United Nations, the army cannot merely be subservient to the President, a mere tool or blindly subservient instrument. The United States Army, acting by and through its officers, is one of the most powerful forces IN THE WORLD, and for an Army NOT to have an independent conscience and capacity to question its role and position would be a very dangerous thing---which the founding fathers foresaw (and therefore discouraged standing armies). Since we now have a standing army, we need to give the officers constitutional status and empower them to use their moral consciences wisely, a duty and power their oaths suggest they already have, but the exercise of which role has never previously been contoured judicially.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will immediately enter a Temporary Restraining Order and Preliminary Injunction upon full-hearing, waiving all bonds or other financial requirements. Specifically, Plaintiff prays that this Court

(1) will declare Title 10 of the United States Code, and 10 U.S.C. §938 in particular Unconstitutional on its face, for failure to provide temporary relief or

to allow or provide a ready mechanism or procedural means for the evaluation of the lawful or constitutional status of orders or of any other means by which officers can confirm or assure compliance with their oath to uphold the constitution of the United States and defend against all enemies foreign and domestic, and that this Court will further suspend Plaintiff's foreign deployment, and suspend or recall all other foreign deployments of commissioned officers similarly situated since January 21, 2009, until such time as the executive order of January 21, 2009, is repealed, cancelled, rescinded, or judicially voided, and until procedures and mechanisms are put in place by which officers can effectively and immediately verify or disown the lawful status and constitutional validity of orders received, together with preliminary relief from obligation to comply with all reasonably challenged orders except under circumstances of direct invasion of or visible threat to the security of the domestic borders or populations of the United States or their territories generally.

(2) recognize and respect Plaintiff Captain Connie Rhodes' status, and the status of all persons similarly situated in the United States Army and Armed Forces Generally (whether certified as a class pursuant to Rule 23 or not), as conscientious objectors based on legitimate doubts concerning the constitutional qualifications and eligibility of the *de facto* President and Commander-in-Chief, Barack Hussein Obama,

(3) enjoin Defendants Robert M. Gates, Colonel Thomas D. MacDonald, the Deputy Garrison Commander George Steuber at Fort Benning, or anyone in the Department of Defense or executive branch of the United States government generally, from issuing any order to Plaintiff or any other officers persons

similarly situated to Afghanistan or anywhere on active duty at all this case has reached a final determination on the merits,

(4) that Plaintiff Captain Connie Rhodes, M.D. F.S. should be protected by injunction and declaratory relief from being wrongfully subjected, by institutional action, classification, or by the behavior or on the initiative of anyone in the United States Executive Branch or Department of Defense or United States Army, to retaliation as a result of her exercise of her First, Fifth and Ninth Amendment rights and that

(5) that Plaintiff have all her attorneys fees and reasonable costs of suit, and all such other and further relief as this Court may allow, pursuant to 28 U.S.C. §2201-2201 and 42 U.S.C. §§1983, 1988(a).

Respectfully submitted,

WEDNESDAY September 2, 2009

By:_____
Orly Taitz, DDS, Esq.
California Bar ID No. 223433
FOR THE PLAINTIFF
**Captain Connie Rhodes, M.D. F.S.**

26302 La Paz, Suite 211
Mission Viejo Ca 92691

29839 S. Margarita Pkwy
Rancho Santa Margarita Ca 92688

Phone 949-683-5411
E-MAIL: dr_taitz@yahoo.com

**CERTIFICATE OF SERVICE**

The above-and-foregoing Rule 65 Application for TRO and Preliminary Injunction: that 10 U.S.C. §938 and Army Regulation 27_10 be declared unconstitutional both on their faces and as applied, was served by facsimile and/or hand delivery on Wednesday, September 2, 2009, on the following parties:

Colonel Thomas D. MacDonald
Garrison Commander, Fort Benning, Georgia
Hugh Randolph Aderhold , Jr.
PO Box 1702
Macon , GA 31202-1702
478-621-2728
Email: Randy.Aderhold@usdoj.gov


Dr. Robert M. Gates, Secretary of Defense,

President Barack Hussein Obama,

by and through
Maxwell Wood, United States Attorney for the Middle District of Georgia, at

Columbus Division     1246 First Avenue     SunTrust Building, 3rd Floor    Columbus, Georgia 31901     Tel: (706) 649-7700.


                                                        _____
                                                    Attorney Orly Taitz, Esquire, for the Plaintiff
                                                         Captain Connie Rhodes, M.D. F.S.

# EXHIBIT A: Deployment Order Received by U.S. Army Major Captain Connie Rhodes, M.D. F.S.