Dr. Orly Taitz, Esq
Attorney & Counselor at Law
**29839 S. Margarita Pkwy**
**Rancho Santa Margarita CA 92688**
ph. 949-683-5411
fax 949-586-2082
California Bar ID No. 223433
(Renewed Application for Admission *Pro Hac Vice*
U.S.D.C. Middle District of Georgia Filed 09/04/2009)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMUS DIVISION
120 12th Street    P.O. Box 124    Columbus, Georgia 31902

| | | |
|---|---|---|
| CAPTAIN CONNIE RHODES, M.D. F.S., § | | |
| Plaintiff, § | | Civil Action No |
| § | | |
| v. § | | **4:09-cv-00106-CDL** |
| § | | |
| COLONEL THOMAS D. MACDONALD, § | | |
| GARRISON COMMANDER, FORT § | | |
| BENNING, GEORGIA, § | | |
| GEORGE STEUBER, DEPUTY § | | PLAINTIFF'S REQUEST FOR |
| COMMANDER, FORT BENNING, § | | STAY OF DEPLOYMENT |
| DR. ROBERT M. GATES, UNITED § | | PENDING MOTIONS FOR |
| STATES SECRETARY OF DEFENSE, § | | REHEARING AND TO AMEND |
| BARACK HUSSEIN OBAMA, *de facto* § | | OR ALTER JUDGMENT |
| PRESIDENT of the UNITED STATES, § | | |
| Defendants. | | |

**PLAINTIFF'S EMERGENCY REQUEST FOR STAY OF DEPLOYMENT
PENDING MOTIONS FOR REHEARING PURSUANT TO LOCAL RULE
7.6 and to AMEND and/or
ALTER JUDGMENT PURSUANT TO RULE 59(e)**

Plaintiff Connie Rhodes files this request for stay of Deployment pending Plaintiff's Motions for Rehearing and to Amend and/or Alter Judgment pursuant to Rule 59(e).  By this Court's summary grant (on the afternoon of Wednesday, September 16, 2009) of Defendant's Motion to Dismiss (Document #8, filed on Friday September 11, 2009), Plaintiff was denied her Fifth Amendment right to

*Plaintiff's Emergency Request for Stay of Deployment
Pending Motions for Rehearing Pursuant to Local Rule 7.6 and to
Amend and/or Alter Judgment Pursuant to Rule 59(e)*                    1

due process of law, in particular, by this Court's violation of Local Rule 7 of the United States Middle District of Georgia, to wit:

> **7.2 RESPONSE.** Respondent's counsel desiring to submit a response, brief, or affidavits shall serve the same within twenty (20) days after service of movant's motion and brief.

**Plaintiff was entitled to respond to Defendant's Motion to Dismiss not sooner than Thursday, October 1, 2009, without penalty or prejudice, absent a specific warning from the Court of intention to vary from the local rules. Plaintiff avers that there is increasing evidence that the United States District Courts in the 11th Circuit are subject to political pressure, external control, and, mostly likely, subservience to the same illegitimate chain of command which Plaintiff has previously protested in this case, except that the *de facto* President is not even nominally the Commander-in-Chief of the Article III Judiciary.**

The Court in fact had provided the Plaintiff with no such notice of any intention to vary the procedural framework of the local rules in this case. The Court should, upon this ground alone, vacate its September 16, 2009, order of dismissal and STAY THE DEPLOYMENT of Plaintiff Connie Rhodes. Further, both Plaintiff and her counsel were denied meaningful access to the Courts by the very fact that this Court entered its September 16, 2009, ruling without reference to any of the key issues actually raised in Plaintiff's Complaint or TRO. The fact that the Court's 14 page order does not address any actual statements in Plaintiff's complaint by page or paragraph number, or any page citation to her TRO, suggests to a reasonable and objective mind that the Court either did not read these documents or was summarily instructed by that same illegitimate "chain of command" alleged above not to address at least the three key questions asserted in

Plaintiff's complaint including (1) a U.S. ARMY OFFICER'S OATH TO UPHOLD THE CONSTITUTION AGAINST ALL ENEMIES, FOREIGN AND DOMESTIC, (2) the historical importance of an independent army corps to the constitutional balance of powers and Republican Form of Government guaranteed by the Constitution, and (3) the Ninth Amendment reservation of rights in the people to question the legitimacy and eligibility of their elected officials when questions arise from time-to-time which were not contemplated by the Founding Fathers.

The Court's failure to address these three key issues again, standing alone, is suggestive that the executive branch is exercising control over the Court's decision-making process, and is a sufficient ground, by itself, to justify this Court's grant of an EMERGENCY STAY OF DEPLOYMENT for at least TEN DAYS until Plaintiff's Counsel can exercise Plaintiff's rights under Local Rule 7.6 of the United States District Court for the Middle District of Georgia to file her Motion for Reconsideration and Motion to Amend or Alter Judgment a because it is "absolutely necessary" within the meaning of Local Rule 7.6 and because the judgment entered September 16, 2009, is manifestly unjust and incorrect within the meaning of jurisprudence construing Rule 59(e) of the Federal Rules of Civil Procedure, and will surely result in a VOID JUDGMENT for denial of due process within the meaning of Rule 60(b)(4) by reason of the Court's unexpected wild deviation from the 20 day response period provided by the Local Rules of this very Middle District of Georgia.

It is reasonably certain that the men who framed the Constitution did not anticipate the election of a man as a President who appears to have prevaricated about his place of birth and then ordered his loyal followers to ridicule all those who questioned the

*Plaintiff's Emergency Request for Stay of Deployment
Pending Motions for Rehearing Pursuant to Local Rule 7.6 and to
Amend and/or Alter Judgment Pursuant to Rule 59(e)*                                     3

contradictions inherent in his own biography, such as the obvious fact that his Father was an (admittedly disloyal and possibly treacherous) Subject of the British Crown when he was born, even though this fact alone would disqualify the President as a "natural born citizen", regardless of his place of birth.

This Court has threatened the undersigned counsel with sanctions for advocating that a legally conscious, procedurally sophisticated, and constitutionally aware army officers corps is the best protection against the encroachment of anti-democratic, authoritarian, neo-Fascistic or Palaeo-Communistic dictatorship in this country, without pointing to any specific language, facts, or allegations of fact in the Complaint or TRO as frivolous. Rule 11 demands more of the Court than use of its provisions as a means of suppressing the First Amendment Right to Petition regarding questions of truly historical, in fact epic and epochal, importance in the history of this nation.

This Court has threatened the undersigned counsel with sanctions for failure to present facts, and yet has ignored or disregarded the facts concerning Barack Hussein Obama's birthplace *sub iudice aliena* which were submitted to the Court in the form of the 1961 Hospital Birth Certificate submitted in the Plaintiff's request for judicial notice (Document 10, entered September 11, 2009) in addition the consistent but later dated Certificate which was submitted as an Exhibit to the Complaint and original Application for Temporary Restraining Order. These documents are FACTS and they went unimpeached, unquestioned, and yet utterly unaddressed in this Court's order of summary dismissal. The fact that the President has admitted his Father was not a citizen, but a British Subject, at the time of birth, is an incontrovertible fact, which supports Plaintiff's charges that the President is an alien. The Court's opinion ridicules this point,

*Plaintiff's Emergency Request for Stay of Deployment*           4
*Pending Motions for Rehearing Pursuant to Local Rule 7.6 and to*
*Amend and/or Alter Judgment Pursuant to Rule 59(e)*

along with the evidence that "the President is either a wandering nomad or a prolific identity fraud crook," (Document 13, Pages 7-8).  But in so ruling, albeit in *obiter dicta* this Court ignores some of the soundest and most carefully researched and professionally assembled and presented evidence, collated and substantiated by a former agent of England's Fabled "Scotland Yard".  By its contradictory and condescending tone, the Court thereby denigrates its own asserted standard of adherence to evidence as the primary arbiter of legitimacy of any position asserted in litigation.

Plaintiff submits that the clear preponderance of the credible evidence is that, in quite a few ways, Defendant Barack Hussein Obama has toyed with and manipulated his identity in order to obtain the President, and therefore won the "hard fought" Presidential Campaign of 2008 by fraud and trickery against the American People.  The Court should reconsider the seriousness of its swift dismissal of this Plaintiff's claims.

Plaintiff submits that to advocate a breach of constitutional oaths to uphold the Constitution against all enemies, foreign and domestic, is in fact a very practical form of "adhering" to those enemies, foreign and domestic, and thus is tantamount to treason, as Defined in Article III, Section 3, even when pronounced in Court.  The People of the United States deserve better service and loyalty from the most powerful, and only life-tenured, officers of their government.

The Court's failure to address the facts which this Plaintiff has offered into evidence constitutes a Third Set of Independent grounds for vacating the September 16, 2009 Order of Dismissal and Entry of Judgment in Defendants' favor, and of granting this Plaintiff at least a ten day Emergency Stay of Deployment Pending Motions for

*Plaintiff's Emergency Request for Stay of Deployment*  
*Pending Motions for Rehearing Pursuant to Local Rule 7.6 and to*  
*Amend and/or Alter Judgment Pursuant to Rule 59(e)*                                    5

Rehearing Pursuant to Local Rule 7.6 and to Amend and/or Alter Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Finally, Plaintiff Captain Connie Rhodes submits that the Court has misunderstood that she has no objection to obeying the *de facto* Commander-in-Chief's orders via chain of command within the United States. Plaintiff Captain Connie Rhodes clarifies that she objects to every order entered under the authority of this illegitimate regime. Plaintiff merely clarifies that she believes herself to be at risk of international prosecution for war crimes absent protection of the Geneva Convention if she follows this particular Commander-in-Chief's wartime policy abroad. The situation in Iraq may indeed be much the same as it was a year ago under a different President and Commander-in-Chief, but the international status of that President as Commander-in-Chief may be radically different owing to the frauds, which led to his election victory.

WHEREFORE, Plaintiff Captain Connie Rhodes asks and requests this Court retract and vacate its sarcastic and biting dismissal of September 16, 2009, and grant her EMERGENCY REQUEST FOR STAY OF DEPLOYMENT PENDING MOTIONS FOR REHEARING PURSUANT TO LOCAL RULE 7.6 and to AMEND OR ALTER JUDGMENT PURSUANT TO RULE 59(e) of the Federal Rules of Civil Procedure. Plaintiff asks this Court to take Judicial Notice of the "Fact" that both Local Rule 7.6 and Rule 59(e) allow ten business days from the entry of an order to be reconsidered, or for which amendment or alteration is sought. Accordingly, absent judicial warning to the contrary, for good and just cause, Plaintiff expects that she should have ten Court business days, which is to say until September 30, 2009, to file her Motions for Reconsideration and to Amend or Alter Judgment, although it would be just and right and

therefore authorized by law for the Court to vacate its own judgment of dismissal immediately and simultaneously grant this Plaintiff's Emergency Request for Stay of Deployment.

Respectfully submitted,

THURSDAY September 17, 2009

By:_____
Orly Taitz, DDS, Esq.
California Bar ID No. 223433
FOR THE PLAINTIFF
**Captain Connie Rhodes, M.D. F.S.**
26302 La Paz, Suite 211
Mission Viejo Ca 92691
29839 S. Margarita Pkwy
Rancho Santa Margarita Ca 92688
Ph. W.: 949-586-8110 Cell: 949-683-5411
Fax 949-586-2082
E-MAIL: dr_taitz@yahoo.com

### CERTIFICATE OF SERVICE

The above-and-foregoing EMERGENCY REQUEST FOR STAY OF DEPLOYMENT was served by facsimile on Thursday, September 17, 2009, on the following parties:

Colonel Thomas D. MacDonald
Garrison Commander, Fort Benning, Georgia
Hugh Randolph Aderhold , Jr.
PO Box 1702
Macon , GA 31202-1702
478-621-2728
Email: Randy.Aderhold@usdoj.gov

Col. Louis B. Wingate
**U. S. Army Human Resources Command-St. Louis**
**1 Reserve Way, St. Louis, MO 63132** .

Dr. Robert M. Gates, Secretary of Defense, by and through the Pentagon:
1000 Defense Pentagon  Washington, DC 20301-1000

Sheetul S. Wall U.S. Attorney's Office, Fax 706-649-7667
P.O. Box 2568 Columbus, Georgia 31902-2568

*Plaintiff's Emergency Request for Stay of Deployment*                    7
*Pending Motions for Rehearing Pursuant to Local Rule 7.6 and to*
*Amend and/or Alter Judgment Pursuant to Rule 59(e)*

MAJOR REBECCA E. AUSPRUNG
Department of the Army
U.S. Army Litigation Division
901 North Stuart Street, Suite 400
Arlington, VA 22203-1837
Tele: 703-696-1614
Email: Rebecca.Ausprung@us.army.mil

President Barack Hussein Obama,
At
The White House
1600 Pennsylvania Avenue
Washington, D.C. 20500

by and through the Attorney General of the United States, Eric Holder, at

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

and Maxwell Wood, United States Attorney for the Middle District of Georgia, at

U.S. Attorney's Office   Gateway Plaza   300 Mulberry Street, 4th Floor   Macon, Georgia 31201   Tel: (478) 752-3511

And also at:

Columbus Division   1246 First Avenue   SunTrust Building, 3rd Floor   Columbus, Georgia 31901   Tel: (706) 649-7700.

**A. Brian Albritton**
**United States Attorney for the**
**Middle District of Florida**
**400 N. Tampa Street, Suite 3200**
**Tampa, Florida 33602**
**Phone: (813) 274-6000**
**Fax : (813) 274-6358**

_____
Attorney Orly Taitz, Esquire, for the Plaintiff
Captain Connie Rhodes, M.D. F.S.

*Plaintiff's Emergency Request for Stay of Deployment*                8
*Pending Motions for Rehearing Pursuant to Local Rule 7.6 and to*
*Amend and/or Alter Judgment Pursuant to Rule 59(e)*