IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CONNIE RHODES, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:09-CV-106 (CDL) |
| THOMAS D. MACDONALD, Colonel, Garrison Commander, Fort Benning; et al., | * |
| Defendants. | * |

O R D E R

"It was *deja vu* all over again."[1]

In her most recent tirade, Plaintiff's counsel seeks reconsideration of the Court's order dismissing this action.[2] Instead of seriously addressing the substance of the Court's order, counsel repeats her political diatribe against the President, complains that she did not have time to address dismissal of the action (although she sought expedited consideration), accuses the undersigned of treason, and maintains that "the United States District Courts in the 11th Circuit are subject to political pressure, external control, and . . . subservience to the same illegitimate chain of command which Plaintiff has previously protested." (Pl.'s Emergency Req. for Stay of Deployment 2.) This filing contemptuously ignores the Court's

---

[1] Attributed to New York Yankees baseball legend and philosopher, Yogi Berra.

[2] Though the motion is titled "Emergency Request for Stay of Deployment," it appears to be a motion for reconsideration because it catalogues Plaintiff's reasons why she believes the Court's order of dismissal should be vacated.

previous admonition that Plaintiff's counsel discontinue her illegitimate use of the federal judiciary to further her political agenda. The Court finds that the claims and legal contentions asserted in the present motion are not warranted by existing law and that no reasonable basis exists to conclude that Plaintiff's arguments would be accepted as an extension, modification, or reversal of existing law. Simply, put the motion is frivolous. Moreover, the Court further finds that Plaintiff's motion is being presented for the improper purpose of using the federal judiciary as a platform to espouse controversial political beliefs rather than as a legitimate forum for hearing legal claims. Counsel's conduct violates Rule 11 of the Federal Rules of Civil Procedure, and sanctions are warranted. Accordingly, Plaintiff's motion for reconsideration (Doc. 15) is denied, and counsel for Plaintiff is ordered to show cause why the Court should not impose a monetary penalty of $10,000.00 upon Plaintiff's counsel for her misconduct. Counsel shall file her response to this show cause order within 14 days of today's order.

### The Sanctionable Conduct

Plaintiff's counsel filed the present action seeking a temporary restraining order to prevent the deployment of Plaintiff, a Captain in the United States Army, to Iraq. Counsel maintains that the President has not produced sufficient evidence of his place of birth to satisfy her that he is a natural born citizen of the United

States.  Therefore, she alleges he was not eligible to be elected President of the United States and has no authority to act as Commander in Chief.  At the request of Plaintiff's counsel, the Court held an expedited hearing on Plaintiff's request for relief.  Within two days of that expedited hearing, the Court issued an order dismissing Plaintiff's Complaint in its entirety.  (*See* Order Den. TRO, Sept. 16, 2009.)  The Court also found that Plaintiff's Complaint was legally frivolous and that any future similar frivolous conduct on the part of Plaintiff's counsel would subject counsel to sanctions.

Notwithstanding the Court's finding that Plaintiff's claims were frivolous and that this Court had no legal authority under the facts alleged to interfere with a lawful deployment order, Plaintiff's counsel filed the present motion seeking reconsideration of that order and seeking a stay of Plaintiff's deployment.  Plaintiff's counsel seeks this drastic relief based upon the following arguments, each of which is frivolous.

First, counsel contends that the Court dismissed her Complaint without giving her an opportunity to respond adequately as required by the Federal Rules of Civil Procedure and the Court's Local Rules. Counsel ignores that she sought to have the case heard in an expedited fashion in the first place because of Plaintiff's imminent deployment.  The Court modified its schedule to accommodate this request, and in fact held the hearing during the lunch break in an

3

ongoing jury trial. Yet, she now complains that she only wanted the temporary restraining order expedited and not the entire case. What Plaintiff's counsel either fails to understand or refuses to acknowledge is that in order to address the motion for a temporary restraining order the Court had to satisfy itself first that it had jurisdiction and legal authority to decide the matter. *See, e.g.,* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *see also Winck v. England*, 327 F.3d 1296, 1303 & n.4 (11th Cir. 2003) (explaining framework a court must use to decide whether it may review a military determination). As thoroughly explained in the Court's order of dismissal, the Court found that under well established legal precedent related to abstention principles, it did not have authority to interfere with the United States Army's deployment order. Therefore, the Court determined that the case must be dismissed in its entirety. The Court did not grant the Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), although the Court did note that any such motion if considered would be granted based upon the implausibility of Plaintiff's claims. If counsel had carefully read the Court's order, she would have understood that the Court dismissed the Complaint based upon abstention principles. Furthermore, competent counsel would have understood that the Court was required to address

4

abstention prior to ruling upon the motion for a temporary restraining order.[3]

Counsel's contention that the Court denied Plaintiff her due process rights under the 5th Amendment to the Constitution by dismissing her Complaint on abstention grounds without giving her more time to respond is frivolous. Counsel sought expedited review of the motion for temporary restraining order. To consider that motion, the Court had the obligation to satisfy itself that it had legal authority to hear the case. It therefore, at Plaintiff's counsel's urging, made an expedited decision on that issue. Now that it did not go her way, counsel has fabricated a specious argument that she needed more time to address the issue.

Second, counsel argues that the Court ignored her arguments when it dismissed her Complaint. The Court considered Plaintiff's Complaint, her motion for temporary restraining order, and all evidence Plaintiff submitted in support of her motion, including testimony from the Plaintiff. Upon its consideration of Plaintiff's allegations in her Complaint and the evidence submitted prior to the hearing, the Court found that under well established precedent Plaintiff's Complaint must be dismissed based upon abstention principles. Remarkably, in her motion for reconsideration, Plaintiff does not even attempt to distinguish the legal precedent cited by the

---

[3] In an alternative finding, the Court also denied the motion for temporary restraining order on the merits, finding that Plaintiff had not satisfied the elements for such relief.

Court in its order of dismissal. She simply repeats the same bare and conclusory allegations that the Court found frivolous in its previous order. A motion for reconsideration that does not even address the legal basis for the Court's previous order is frivolous.

Finally, it is clear that Plaintiff's counsel seeks to continue to use the federal judiciary as a platform to further her political "birther agenda."[4] She has provided no legal or factual basis for the Court to interfere with deployment orders of the United States Army. She supports her claims with subjective belief, speculation and conjecture, which have never been sufficient to maintain a legal cause of action. She continues to file motions that do not address legal issues but that describe the President as a "prevaricator," allege that the President's father was "disloyal and possibly treacherous" to the "British Crown," accuse the undersigned of treason, and suggest that the United States District Courts in this Circuit are "subservient" to the "illegitimate" "de facto President." Although the First Amendment may allow Plaintiff's counsel to make these wild accusations on her blog or in her press conferences, the federal courts are reserved for hearing genuine legal disputes and not as a platform for political rhetoric that is disconnected from any legitimate legal cause of action.

---

[4] As explained in the Court's dismissal order, Plaintiff's counsel is a leader in the so-called "birther movement." She and her followers do not believe that President Obama is eligible to hold the office of President because he has not satisfied them that he was born in the United States.

The conduct described above warrants that sanctions be imposed upon Plaintiff's counsel, Orly Taitz.

CONCLUSION

The Court finds Plaintiff's Motion for Stay of Deployment (Doc. 15) to be frivolous.  Therefore, it is denied.  The Court notifies Plaintiff's counsel, Orly Taitz, that it is contemplating a monetary penalty of $10,000.00 to be imposed upon her, as a sanction for her misconduct.  Ms. Taitz shall file her response within fourteen days of today's order showing why this sanction should not be imposed.

IT IS SO ORDERED, this 18th day of September, 2009.

    S/Clay D. Land
        CLAY D. LAND
UNITED STATES DISTRICT JUDGE