UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **CAPTAIN CONNIE RHODES, M.D.,**   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | |
| v.   ) | Case No.  4:09-CV-106 (CDL) |
| ) | |
| **COLONEL THOMAS D. MACDONALD**) | |
| et al.   ) | |
| **Defendants.**   ) | |
| ) | |

### DEFENDANTS' BRIEF IN RESPONSE TO THE COURT'S ORDER DATED OCTOBER 13, 2009

COMES NOW Defendants, by and through counsel, the United States Attorney for the Middle District of Georgia, pursuant to the Court's Order dated October 13, 2009. Defendants respectfully submit the following brief addressing the government's position as to the feasibility of the Court directing that the monetary sanction imposed upon counsel Orly Taitz be paid by the United States to the National Infantry Foundation at Fort Benning, Georgia.  As set forth below, it is the government's position that, notwithstanding the Court's good intentions, the monetary sanction cannot be paid to the Foundation and must be paid into the United States Treasury.

### I. BACKGROUND

On October 13, 2009, this Court issued an Order, *sua sponte*, imposing a monetary penalty of $20,000.00 upon counsel Orly Taitz, pursuant to Fed. R. Civ. P. 11.   The Court directed that payment be made to the United States, through the Middle District of Georgia Clerk's office, within thirty days of the Order.  The Court also requested that the government submit a brief addressing it's position on the feasability of the Court directing that the monetary

sanction be paid by the United States to the National Infantry Foundation at Fort Benning, Georgia.[1]

## II. DISCUSSION

It is the government's position that the monetary sanction must be paid into the United States Treasury.  Fed R. Civ P. 11(c) provides for two types of sanctions–sanctions requested on motion by a party, and sanctions imposed on the court's initiative.  Id.  Rule 11(c)(4) provides that a "sanction may include nonmonetary directives, an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Id.  Thus, Rule 4(c) only provides for payment of monetary sanctions either to the court, or a party to the litigation.  Moreover, the rule provides for payment to a party only when the party requests the sanctions on motion, and the sanctions are limited to the reasonable expenses and attorney's fees incurred in making the motion.  In this case, the National Infantry Foundation is not a party to the litigation, and the Court ordered the monetary sanction on its own initiative.  Accordingly, Rule 11 only provides for payment of the sanction to the Court.

In its Order, this Court cites to In re E.I. duPont de Nemours & Co. Benlate Litig., 99 F.3d 363, 368-69 (11th Cir. 1996).  In duPont, one factor that the Eleventh Circuit considered in concluding that a contempt sanction was criminal in nature was that the district court ordered the

---

[1]According to its website, the National Infantry Foundation at Fort Benning, Georgia, was "established in 1998 to honor our Nation's Infantrymen – past, present and future – and to preserve their legacy through the construction and operation of the new, world-class National Infantry Museum and Soldier Center in Columbus, Georgia."  The Foundation is a non-profit organization pursuant to 26 U.S.C. §501(c)(3).  http://www.nationalinfantrymuseum.com

sum to be paid into the registry of the court, as opposed to a party to the litigation. However, duPont does not counsel such a result in this case because, as set forth above, Rule 11 does not provide for payment to a non-party. The National Infantry Foundation is not a party to the litigation; therefore, they would not be a proper recipient of the funds.

Once the sanction is paid to the Court, the sanction must then be paid into the United States Treasury. Pursuant to 28 U.S.C. § 751(e), the "clerk of each district court shall pay into the Treasury all fees, costs and other moneys collected by him, except naturalization fees listed in section 742 of Title 8 and uncollected fees not required by Act of Congress to be paid." Additionally, the Miscellaneous Receipts Act, 31 U.S.C. § 3302, commands the same result. It requires that an "official or agent of the Government receiving money for the Government from any source shall deposit the money in the Treasury as soon as practicable without deduction for any charge or claim." 31 U.S.C. § 3302(b). Thus, once the sanctions are paid to the Court, it is the government's position that the funds cannot be then redirected to the Foundation, and must be paid, without deduction, into the Treasury.

One of the few courts to address this issue has reached the same conclusion. In National Association of Radiation Survivors v. Turnage, 115 F.R.D. 543 (N.D. Ca. 1987), the Northern District of California District Court had previously issued a bench ruling ordering that the defendant pay monetary sanctions imposed pursuant to Fed. R. Civ. P. 11 and 26(g) into a fund used to compensate unpaid law students working as externs in the courts of that District. Id. at 559. However, the court later modified its bench ruling in the written order, concluding that 28 U.S.C. § 751(e) mandated that the sanctions be paid into the United States Treasury. Id. The same conclusion appears to be the inescapable result in this case.

### III. CONCLUSION

As set forth above, it is the government's position that the monetary sanction imposed upon counsel Orly Taitz must be paid to the United States Treasury.

Respectfully Submitted,

G. F. Peterman, III
Acting United States Attorney

By:*Sheetul S. Wall*
Sheetul S. Wall
Assistant United States Attorney
1246 First Avenue
Post Office Box 2658
Columbus, Georgia  31902
Tel:  706/649-7700
Fax: 706/649-7667

OF COUNSEL:
MAJOR REBECCA E. AUSPRUNG
Department of the Army
U.S. Army Litigation Division
901 North Stuart Street, Suite 400
Arlington, VA 22203-1837
Tele: 703-696-1614
Email: Rebecca.Ausprung@us.army.mil

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Orly Taitz, DDS, Esq.
29839 S. Margarita Pkwy.
Rancho Santa Margarita, CA 92688

and I hereby certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants: n/a.

    Respectfully submitted,

    G. F. Peterman, III
    Acting United States Attorney


    *s/ Sheetul S. Wall*
    Sheetul S. Wall
    Assistant United States Attorney
    United States Attorney's Office
    Post Office Box 2568
    Columbus, Georgia 31902-2568
    (706)649-7700